## Case No. 16,348.

### UNITED STATES v. SMOCK.

[4 Int. Rev. Rec. 202.]

District Court, D. Kentucky. Oct., 1866.

#### INTERNAL REVENUE ACT—NON-PAYMENT OF DUTIES—PENALTY.

[The internal revenue act of 1864, § 48, provided that one having in his custody goods, merchandise, or articles for the purpose of sale, with the design of avoiding the payment of duties, should be "liable to a penalty of $500, or not less than double the amount of duties fraudulently attempted to be evaded." *Held*, that the penalty imposed must at least equal double the amount of duties sought to be evaded, and that it could in no case be less than $500.]

A clear case of fraud was proved against the defendant in this case, and judgment was duly rendered, but it is only recently that a written opinion was filed by the honorable judge. Obligation is due to Assessor Needham of Louisville, for transmitting copy for publication after revision by Judge BALLARD. [Thomas] Smock is stated to be still in jail, unwilling or unable to pay the fine. The case involved the construction of the 48th section of the excise act of June 30, 1864 [13 Stat. 241].

BALLARD, District Judge. The defendant having been tried and found guilty of the offence denounced by the 48th section of the internal revenue act of 1864, the question arises: what is the proper judgment to be rendered against him?

The provision of the section, under which the conviction has been had, is as follows: "Any person who shall have in his custody or possession, * * * goods, wares, merchandise, articles or objects subject to duty * * * for the purpose of selling the same with the design of avoiding the payment of the duties thereon, shall be liable to a penalty of five hundred dollars, or not less than double the amount of duties fraudulently attempted to be evaded," &c.

It appeared on the trial, that the goods which the defendant had in his possession for the alleged unlawful purpose, consisted of

1 [Reported by Hon. William Cranch, Chief Judge.]

about two thousand nine hundred and four gallons of spirits on all of which the duty was two dollars per gallon. On behalf of the convict it is contended that the court may, in its discretion, render judgment for either five hundred dollars or for a sum not less than double the amount of duties fraudulently attempted to be evaded, and that, under the circumstances of this case, the lesser penalty should be inflicted. The language of the statute is not well chosen. Its meaning is certainly not so obvious that it may not be misapprehended. Doubtless, the construction which suggests itself to many, perhaps to most persons of the first reading, is that adopted by the learned counsel of the convict, but, I am persuaded, that few if any will adhere to this conclusion after having bestowed on the provisions of the section and of the statute an ordinary amount of study. Having given the statute and the arguments of counsel the fullest consideration, I am satisfied that, although the language of section 48, above quoted apparently confers a discretion on the court to adjudge one penalty or another, it does not really do so. I think the court has no discretion whatever, and that it must always impose on the convict, under this section, a penalty at least equal to double the amount of duties fraudulently attempted to be evaded. The penalty, in my opinion, can in no case be less than five hundred dollars; but it may and must exceed this sum when double the amount of duties fraudulently attempted to be evaded exceeds it. Any other construction of the statute leads to unreasonable if not absurd consequences. If the court has the discretion claimed, then, in this case, judgment may be rendered for five hundred dollars, or for eleven thousand six hundred and sixteen dollars, or for any sum still larger, but not for any sum between five hundred and eleven thousand six hundred and sixteen dollars. Such a discretion is, I think, wholly without a parallel—nay, more, it is unreasonable. It assumes—first, that the court may render judgment for any amount no matter how large provided it be not less than eleven thousand six hundred and sixteen dollars, and it assumes—secondly, that, whilst by one alternative the judgment cannot be for less than eleven thousand six hundred and sixteen dollars, it may, by the other alternative, be actually for a less sum, provided it be for the precise sum of five hundred dollars. Upon the first assumption a power is confided to the court such as is without precedent in the legislation of congress, and such as is hardly within constitutional limits. The constitution declares that excessive fines shall not be imposed. It may be that this injunction is addressed to the judicial as well as to the legislative department of the government, and it may be, therefore, that no court can impose an excessive fine, even when authorized to do so by the terms of an act of congress; but surely no court will assume that it was the intention of congress

to confer such a power unless it were expressed in such clear language as not to admit of doubt. By the second assumption a discretion is confined to the court which is manifestly contradictory, and which, therefore, destroys itself.

Usually, if not invariably, where discretion is given in a matter of this nature, it is to inflict one kind of punishment or another —as death or imprisonment, fine or imprisonment, or to limit the imprisonment between certain periods, or the fine between certain amounts, according to the nature and aggravation of the offense. But the discretion here claimed is not of the nature of any of these. True, it assumes different degrees of guilt in offenders, but it does not allow a gradation of punishment according to the degree of guilt, for it imperatively requires that if one fine be not imposed another shall be, and thus excludes all authority to impose a fine for any intermediate sum. I can conceive of no reason for giving a discretion and limiting it in this manner. If I may impose on the defendant a fine of five hundred dollars, or of eleven thousand six hundred and sixteen dollars, why deny me the right to impose a fine for some intermediate sum? If congress supposed that some persons, convicted of fraudulently attempting to evade the payment of duties, might not deserve to be fined double the amount of duties so attempted to be evaded, how could they suppose that all such persons alike would deserve to be fined only five hundred dollars? There is manifest propriety in punishing one who has attempted fraudulently to evade the payment of duties by a fine which, in amount, has due relation to the amount of duties so attempted to be evaded. One who has attempted to cheat the government out of five dollars deserves punishment, and, indeed, severe punishment, because his offense is grave; but he hardly merits as severe punishment as he whose cheat extends to thousands. Such is the moral turpitude involved in every cheat that he who is guilty of one, no matter how small, well merits a fine of five hundred dollars; and no matter how large, he is not punished excessively if he is fined an amount only double the amount of the fraud. This would be a gradation of punishment with proper respect to the degree of guilt, and, it seems to me, that this is the only gradation contemplated by the statute we have been considering. That this is the meaning of the statute would be still more obvious, if the disjunctive "but" had been used instead of the disjunctive "or." And, it is quite the practice of the courts to change the phraseology of statutes to a greater extent than this; and even to impart into them words to express more clearly the apparent or assumed intention of the legislature. I confess I do not approve of this practice. If it is ever allowable it is only when the intention is plain without the change, and then resorted to only to express clearly what was before expressed obscurely. Obviously, courts have no authority to alter or add words with the view of expressing an intention which the legislature has not. If they have, nothing would be easier than to make a statute express anything. But if it is only when the meaning of a statute is already plain that its words can be changed or added to, of what use is any change or addition at all? The longer I sit here the more I feel the importance of seeking the meaning of a statute by a fair interpretation of its words and resting upon that. I think that when a judge is considering a statute, an agreement, or other written instrument with a view to its interpretation, what he is to seek is the thought it expresses. To ascertain this his first resort, in all cases, is to the natural signification of the words employed, taking them in the very order and grammatical arrangement in which the framers of the instrument placed them, nothing adding thereto, nothing diminishing. It is only when the words thus regarded fail to express any idea clearly, or involve an absurdity, or a contradiction to some other part of the same instrument, that there is any room for construction. As the legislature cannot intend an absurdity, or to require two contradictory things, such construction is not to be adopted as would suppose either the one or the other. And when, taking the words just as they are written, doubt remains respecting their meaning, that meaning must be adopted which the words most obviously express and best comports with the nature of the subject and right reason.

Now let us examine more closely the words of the statute exactly as they are therein written and arranged. "Any person whose * * * * shall be liable to a fine of five hundred dollars, or not less than double the amount of duties fraudulently attempted to be evaded." I observe first: That no one thought is so clearly expressed as to exclude all supposition that some other thought may have been intended. Second. That "five hundred dollars" must be either the lowest or the highest penalty which can be inflicted in any case. No other conceivable motive for the introduction of these words seems assignable. Third. If "five hundred dollars" is the highest penalty, then there is not full scope for the operation of the other penalty plainly denounced, to wit: of "not less than double the amount of duties fraudulently attempted to be evaded;" for undoubtedly, double the amount of duties attempted to be evaded may, and actually does, in this case, exceed five hundred dollars, and if the court may impose a fine of only five hundred dollars, it will adjudge actually less than double the amount of duties. But to assume that the court is required to impose a fine of not less than a given sum, and that it may at the same time, impose a fine less than the given sum, is to assume that the court has an authority or discretion which is,

in a certain sense contradictory. Fourth. The words seem to require that the penalty denounced by them shall contain two elements: 1st, that it be "five hundred dollars;" 2d, that it be "not less than double," &c. It would seem therefore, that the penalty can in no case be less than "five hundred dollars," for it would in that case lack one of the elements required. The only method of satisfying both apparent requisitions is to impose the penalty of "five hundred dollars" when double the amount of duties is less or is just equal to that sum, and when the amount of duties is greater than to adjudge the penalty for such amount of duties, that is, "not less" than that amount, and it will always be for five hundred dollars, that is, not less than that sum. Fifth. The words "not less" it seems to me, are not used to authorize the court to impose a higher penalty than double the amount of duties, but to prevent any penalty less than this from being inflicted.

I have thus endeavored to set forth my reasons for that construction of the statute which is here adopted. I am conscious that the task has been performed very imperfectly. Possibly the argument might be strengthened by a reference to the sixty-eighth and other sections of the statute, which peremptorily require the infliction of penalties, certainly not less than five hundred dollars for offenses involving far less moral guilt and far less danger of loss to the United States than the crime denounced by the forty-eighth section. And, possibly a reference to the forty-first section, which gives to the informer one-half of every penalty recovered, would not be unavailing, for it would seem that, if the informer is to get one-half, it is not only proper that the penalty should in all cases equal at least double the amount of duties attempted to be evaded, but that in this way only can the government escape loss, when the evasion has succeeded. But I do not care to pursue the discussion further. No amount of reasoning, I am conscious, can possibly make that plain which is intrinsically obscure. I do not say that the construction which I have adopted is the true one beyond all question; I only say it is the construction which seems to me to comport best with the language of the statute, and the only one which involves no apparent absurdity or contradiction. I drop the discussion all the more willingly, because, if it be admitted that I have all the discretion claimed by the counsel of the accused, I see no apology for the exercise of it, in this case, to his advantage. The accusee seems to be a man of at least ordinary intelligence. He certainly well understood the law which he violated. He laid and executed his plans with much deliberation and some cunning. All the barrels which contained the spirits found in his possession were marked with a false and counterfeit brand of a United States inspector, and not

an inconsiderable number of them was, for a time, concealed in the forest, remote from any habitation, and from any road or highway. I am satisfied he was engaged in the business of cheating and defrauding the government by concealing and selling spirits, marked with a counterfeit brand, and on which no duty had been paid; and the evidence leaves hardly room to doubt that he was confederated, in his fraudulent scheme, with distillers residing in his neighborhood whose names have not been disclosed, and that the whiskey, which it was proven on the trial he had in possession, for the alleged fraudulent purpose, is only a portion of what he so had. I repeat, then, that I see nothing in the circumstances of the case which should induce me, had I a discretion, to inflict on the accused a small penalty. On the contrary, I see much which impels me to impose the highest penalty the law will allow. If the highest penalty is not to be inflicted in such a case, it would be impossible to say in what case it should be imposed. Let judgment be rendered against the defendant for eleven thousand six hundred and sixteen dollars and the costs of this prosecution.